956 F.2d 1163
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
June Dale Norris BLEDSOE, Defendant-Appellant.
 No. 91-5777.
 United States Court of Appeals, Fourth Circuit.
 Submitted Oct. 4, 1991.
Decided March 4, 1992.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. W. Earl Britt, District Judge. (CR-90-42-5)
 Gerald L. Bass, Bass, Bryant & Deese, Raleigh, N.C., for appellant.
 Margaret P. Currin, United States Attorney, R. Daniel Boyce, Assistant United States Attorney, Raleigh, N.C., for appellee.
 E.D.N.C.
 AFFIRMED.
 Before K.K. HALL, WILKINS and NIEMEYER, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 June Dale Norris Bledsoe was convicted of conspiracy to distribute cocaine, possession with the intent to distribute cocaine and marijuana, use of a firearm in a drug trafficking crime, and maintaining a place for the purpose of narcotics distribution. She appeals her sentence on the ground that the sentencing court erred in determining the amount of drugs involved in her offense. We find no error and affirm.
 
 
 2
 Bledsoe and Sherwood Turnage sold illegal liquor, marijuana, cocaine, and two firearms to an undercover agent on several occasions in October and November 1989. The first time the agent met with Turnage and Bledsoe, Turnage said that he was expecting 250 pounds of marijuana to be delivered that night. The next day the agent was told through an informant that he could come get the pound of marijuana and liquor he wanted, but that Turnage would not be home because he would be busy drying out the 250 pounds of marijuana, and Bledsoe would take care of him. When the agent went by their residence, Bledsoe sold him some marijuana which was still "wet." After her conviction, Bledsoe admitted in her interview with the probation officer that she was there when Turnage told the agent that 250 pounds of marijuana was going to be delivered; however, she said they actually received only a small amount. She objected to the inclusion of the 250 pounds in the calculation of her sentence, maintaining that its existence had not been proved.
 
 
 3
 Lonnie Stacker testified that Bledsoe sold him an ounce of cocaine in February 1990. At her trial, Bledsoe denied that she ever sold cocaine to Stacker. She objected to the use of this ounce in the computation of her sentence because the sale to Stacker was not charged in the indictment.
 
 
 4
 The district court found that both the 250 pounds of marijuana and the ounce of cocaine sold to Stacker were properly considered in determining the sentence. On appeal, Bledsoe contends that Stacker's testimony was unreliable because he was testifying under a plea agreement and that there was insufficient evidence that Bledsoe and Turnage possessed 250 pounds of marijuana.
 
 
 5
 The relevant conduct to be considered in determining the offense level in a drug offense includes all quantities of drugs that were part of the same course of conduct or part of the same common scheme or plan. United States Sentencing Commission, Guidelines Manual, § 1B1.3(a)(2). Uncharged conduct may be considered in computing the base offense level when it is part of the same commmon scheme or plan. United States v. Williams, 880 F.2d 804 (4th Cir.1989). In this case, both trial testimony and information in the presentence report provided a basis for the district court's use of the two contested drug quantities. A defendant who challenges the accuracy of information in the presentence report has an affirmative duty to show that the information is unreliable or inaccurate. United States v. Terry, 916 F.2d 157 (4th Cir.1990). The district court had heard Bledsoe and Stacker testify during the trial and could make its own assessment of their credibility. Moreover, although the agent had not seen the whole 250 pounds of marijuana, there was evidence to support a finding by a preponderance of the evidence that Bledsoe and Turnage had possessed that amount. Under U.S.S.G. § 2D1.4, comment. (n. 2), when the amount seized does not reflect the scale of the offense, the district court may approximate the quantity of drugs involved. We find no clear error in the district court's ruling in this regard.
 
 
 6
 The judgment of the district court is accordingly affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 7
 AFFIRMED.