989 F.2d 497
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
F. Lee WEISS, a/k/a F. Lee Adams, Defendant-Appellant.
 No. 92-5514.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: March 1, 1993
Decided: March 19, 1993
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Robert G. Doumar, District Judge. (CR-92-31-N)
 Calvin Richard Depew, Jr., RABINOWITZ, RAFAL, SWARTZ, TALIAFERRO & GILBERT, P.C., Norfolk, Virginia, for Appellant.
 Richard Cullen, United States Attorney, James A. Metcalfe, Assistant United States Attorney, Norfolk, Virginia, for Appellee.
 E.D.Va.
 AFFIRMED.
 Before WIDENER, HAMILTON, and WILLIAMS, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 F. Lee Weiss entered a guilty plea to one count of conspiracy to defraud the government by filing false claims for income tax refunds in violation of 18 U.S.C. § 286 (1988). The remaining six counts in the indictment were dismissed. He appeals the twenty-seven month sentence he received, alleging that the district court erroneously believed it could not depart downward because of his physical condition. Weiss has also moved for leave to file a supplemental brief contesting the district court's enhancement of his sentence for obstruction of justice and denial of a reduction for acceptance of responsibility; he further alleges that his counsel was ineffective, and that the sentencing court is precluded from considering counts dismissed pursuant to a plea agreement. Upon consideration of all issues raised here, we affirm.
 
 
 2
 A sentencing court's refusal to depart from the guideline range is not appealable, United States v. Bayerle, 898 F.2d 28 (4th Cir.), cert. denied, 59 U.S.L.W. 3244 (U.S. 1990). However, resentencing may be required if the court has not understood it has authority to depart. United States v. Wilson, 896 F.2d 856 (4th Cir. 1990).
 
 
 3
 After a lengthy sentencing hearing at which he unsuccessfully contested two other aspects of the sentence, Weiss asked for a downward departure because of his health. Weiss has AIDS. The court heard discussion and argument from defense counsel and the government about whether Weiss could be adequately cared for in prison in the advanced stages of the disease. Defense counsel pointed out that a departure is specifically authorized when a defendant has an extraordinary physical impairment under guideline section 5J1.4, p.s.[1] The district court ultimately decided not to depart on this basis. It is clear from the record of the sentencing hearing that the district court understood its authority to depart for an extraordinary physical impairment and chose not to exercise it in this case.
 
 
 4
 Although we grant Weiss's motion for leave to file his supplemental brief, we find no merit in the issues he raises. The district court determined that Weiss had impeded the administration of justice, first, by giving a false name and social security number when arrested and at his detention hearing,[2] and, second, by threatening his co-defendant, Linda Weiss, and pressuring her to get a new attorney and refuse to cooperate or disclose his involvement. We find that the adjustment was proper based on either ground. The false information given by Weiss was material in that it resulted in his release on bond because the court was unaware of outstanding arrest warrants against him; it also at least temporarily impeded the investigation of the offense. Moreover, Weiss's conduct in threatening his co-defendant clearly merits the adjustment. U.S.S.G. § 3C1.1, comment. (n.3). The court's determination thus was not clearly erroneous. Furthermore, we find that Weiss received due process at the sentencing hearing. See United States v. Bowman, 926 F.2d 380 (4th Cir. 1991). Because no extraordinary circumstances are present, a reduction for acceptance of responsibility was properly denied. U.S.S.G. § 3E1.1, comment. (n.4).
 
 
 5
 Weiss's claim that conduct underlying counts dismissed pursuant to a plea agreement may not be considered as relevant conduct to enhance the sentence was not raised in the district court and we do not consider it except to find that no plain error occurred. See United States v. Fine, 975 F.2d 596, 602-03 (9th Cir. 1992); United States v. Williams, 880 F.2d 804 (4th Cir. 1989).
 
 
 6
 Finally, claims of ineffective assistance of counsel should be raised in a collateral proceeding under 28 U.S.C. § 2255 (1988) because the record on direct appeal does not adequately develop the issue. United States v. Percy, 765 F.2d 1199, 1205 (4th Cir. 1985).
 
 
 7
 We therefore grant leave to file the supplemental brief and affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 United States Sentencing Commission, Guidelines Manual (Nov. 1991)
 
 
 [2]
 Weiss's true name is Fonzy Lee Adams