993 F.2d 1540
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Carrington Lamont HARRELL, Defendant-Appellant.
 No. 90-5854.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: June 26, 1991
Decided: June 2, 1993
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Norwood Carlton Tilley, Jr., District Judge. (CR-90-27-G)
 John B. Hatfield, Jr., Hatfield & Hatfield, Greensboro, North Carolina, for Appellant.
 Robert H. Edmunds, Jr., United States Attorney, Michael F. Joseph, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.
 M.D.N.C.
 AFFIRMED.
 Before PHILLIPS and WILKINSON, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 Carrington Lamont Harrell appeals from his sentence imposed pursuant to a guilty plea to an indictment charging him with possession of 42.6 grams of cocaine base ("crack"), in violation of 21 U.S.C. § 841(a)(1). He claims the district court erred in (1) increasing, for sentencing purposes, the amount of drugs beyond that charged in the indictment, (2) imposing a two-level increase for obstruction of justice, (3) refusing to accord him a two-level decrease for acceptance of responsibility, and (4) imposing an upward adjustment for his role in the offense. We find no merit in Harrell's claims and, therefore, affirm his sentence.
 
 Calculation of the drug quantity
 
 2
 Harrell was sentenced for possessing an additional sixty-one grams at various times in the four months preceding his arrest. He contends that (1) U.S.S.G. § 1B1.3(a)(1),* which defines "relevant conduct," does not encompass this other activity; (2) the district court did not apply the relevant conduct provision correctly; (3) the facts presented at sentencing to support these additional quantities were too vague and remote from the conduct alleged in the indictment; and (4) the plea agreement precluded the government's introducing this additional evidence to raise the drug quantity. We find each of these claims meritless.
 
 
 3
 Under U.S.S.G. § 1B1.3(a)(2), the base offense level should be determined on the basis of "all such acts and omissions that were part of the same course of conduct or common scheme or plan as the offense of conviction." In a drug distribution case, "quantities and types of drugs not specified in the count of conviction are to be included in determining the offense level if they were part of the same course of conduct or part of a common scheme or plan as the count of conviction." U.S.S.G. § 1B1.3(a)(2) comment. (n.2 and backg'd); United States v. Williams, 880 F.2d 804 (4th Cir. 1989). The government need only prove the quantity by a preponderance of the evidence. United States v. Engleman, 916 F.2d 182, 184 (4th Cir. 1990); United States v. Powell, 886 F.2d 81 (4th Cir. 1989), cert. denied, 493 U.S. 1084 (1990). Finally, the court's factual findings concerning these disputed amounts are subject to the clearly erroneous standard of review. See United States v. Daughtrey, 874 F.2d 213, 217 (4th Cir. 1989).
 
 
 4
 In this case, the government needed only to prove that Harrell possessed an additional eight grams of crack in the same course of conduct in order to sentence him under the offense level for possessing between 50 and 150 grams. The government presented testimony describing a scheme lasting several months whereby Harrell and others imported crack from New York City to Greensboro, North Carolina, for sale on the "Hill." Based on conservative estimates derived from this testimony, the court found that he should be held accountable for an additional sixty-one grams of crack for sentencing purposes. We have reviewed the sentencing transcript, and we find no clear error in these findings.
 
 
 5
 The plea agreement did not restrict the amount of drugs for purposes of sentencing, but even if it had recommended a certain amount, the court was not required to accept the recommendation. See Williams, 880 F.2d at 806.
 
 Acceptance of responsibility
 
 6
 The district court has great discretion in determining whether a defendant has accepted responsibility, and its findings on whether a reduction is warranted is a factual question subject to the clearly erroneous standard of review. United States v. Cusack, 901 F.2d 29 (4th Cir. 1990); United States v. White, 875 F.2d 427, 430 (4th Cir. 1989). The court should consider whether the defendant has voluntarily and truthfully admitted to authorities his involvement in the offense and related conduct. U.S.S.G. § 3E1.1, comment. We find no clear error in the court's finding that Harrell lied about ownership of the drugs charged in the indictment or in its finding that he had not accepted responsibility.
 
 
 7
 Upward adjustment for supervisory role in offense
 
 
 8
 Harrell argues that the court erred in increasing his conviction based on a leadership role in the relevant conduct as opposed to the crime of conviction. However, this Court's opinion in United States v. Fells, 920 F.2d 1179 (4th Cir. 1990), cert. denied, 59 U.S.L.W. 3838 (U.S. 1991), interprets U.S.S.G. §§ 1B1.2 and 1B1.3 as expressly authorizing upward adjustments for role in the offense based on relevant conduct rather than the conduct or transactions for which the defendant was convicted. Id. at 1183.
 
 
 9
 Harrell also argues that the testimony at his sentencing hearing did not support an upward adjustment. The determination whether he was an organizer or leader is essentially a factual question. See United States v. Sheffer, 896 F.2d 842 (4th Cir.), cert. denied, 59 U.S.L.W. 3246 (U.S. 1990). A codefendant testified that Harrell was present on the "Hill" where crack was being sold. Harrell would stand and watch and tell other dealers "how to be careful and stuff like that." Harrell's girlfriend testified that one of the dealers told her that Harrell "was the big man, and that they sold for him, and that he gave them drugs, and they went out and sold." Based on this testimony, the court's finding that Harrell had a leadership or managerial role was not clearly erroneous.
 
 Obstruction of justice
 
 10
 At his sentencing hearing, Harrell testified that the drugs charged in the indictment did not belong to him. He freely admitted that he was guilty of selling drugs, but he claimed that he pled guilty to this offense in an effort to protect his girlfriend and to avoid a conspiracy charge involving greater quantities of drugs. The district court found that Harrell's denial of ownership of the drugs charged in the indictment was perjury and concluded that "a person who commits perjury, under the Guidelines, has obstructed justice." Under U.S.S.G. § 3C1.1, a court should increase the offense level by two levels "if the defendant willfully impeded or obstructed, or attempted to impede or obstruct the administration of justice during the investigation or prosecution of the instant offense." The question concerning the applicability of § 3C1.1 involves an interpretation of the scope of the guideline and is reviewed de novo. United States v. Saintil, 910 F.2d 1231, 1232 (4th Cir. 1990). However, the court's factual findings concerning the conduct of the accused and the actual effect of that conduct are subject to the clearly erroneous standard of review. 18 U.S.C. § 3742(e). As a preliminary matter, it is clear that perjurious testimony concerning a material fact at a sentencing proceeding may warrant an upward adjustment for obstruction of justice. See § 3C1.1, comment. (n.1(c)).
 
 
 11
 The court based its finding on testimony that Harrell often had between $350 and $500 worth of crack around him. Harrell argues that his two codefendants pled guilty to possessing the same drugs. Neither one testified that the drugs belonged to Harrell. However, Harrell's girlfriend testified that whenever he was in town, Harrell lived with her and had crack at her home. On the day of the arrest, Harrell was asleep upstairs, where he had been staying for the previous week. Bullock, who had only been to Greensboro on three occasions, had arrived the night before and was staying downstairs. The drugs were found upstairs. In addition, it was established that Harrell was the dealer of far greater experience and volume of business. Under United States v. Dunnigan, 113 S. Ct. 1111, 1112 (1993), we find that the district court's two-offense level increase based on this evidence is not clearly erroneous.
 
 
 12
 For the reasons stated above, we affirm Harrell's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 United States Sentencing Commission, Guidelines Manual (Nov. 1989)