7 F.3d 227
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jay KINSER, Defendant-Appellant.
 No. 92-5731.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: August 16, 1993.
Decided: September 28, 1993.
 
 Appeal from the United States District Court for the Northern District of West Virginia, at Elkins. Robert R. Merhige, Jr., Senior District Judge, sitting by designation. (CR-92-11)
 Robert Michael Mullens, Elkins, West Virginia, for Appellant.
 Thomas Oliver Mucklow, Assistant United States Attorney, Wheeling, West Virginia, for Appellee.
 N.D.W.Va.
 AFFIRMED.
 Before PHILLIPS, WILKINS, and WILLIAMS, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Jay Kinser appeals his conviction and sentence, after a jury trial, of drug distribution charges. His attorney filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967). Kinser was advised of his right to file a supplemental informal brief, but he failed to do so. Finding no error below, we affirm.
 
 
 2
 Kinser was found guilty on two counts of aiding and abetting the distribution, within 1000 feet of real property comprising a school, "crack" cocaine, in violation of 21 U.S.C.s 841(a)(1) (1988), 21 U.S.C.A. § 860(a) (West Supp. 1993), and 18 U.S.C. § 2 (1988). Kinser was charged on his involvement in distributing crack cocaine to undercover agents. After a hearing regarding Kinser's objections to the presentence investigation report (PSI), the district judge imposed sentence in accordance with the United States Sentencing Commission, Guidelines Manual. Specifically, Kinser was sentenced to imprisonment for a term of 151 months, placed on supervised probation following release for a period of six years on each count to run concurrently, and was assessed a mandatory $50 special assessment per count of conviction. The district judge also fined Kinser $3000, which was below the $17,500 to $2,000,000 mandated by the guidelines. This departure was based on Kinser's inability to pay.
 
 
 3
 Kinser acknowledges that .25 grams of crack cocaine were involved in the counts for which he was convicted and argues that he should be held accountable for only this quantity of crack cocaine for sentencing purposes, rather than the 50 grams of crack cocaine attributed to him by the probation officer and accepted by the district court. Based on the greater amount of crack cocaine, Kinser was given an offense level of 33 rather than 14.
 
 
 4
 Under the guidelines, actions which are part of the same course of conduct or common scheme or plan properly may be considered in sentencing a defendant, even if those actions were not included in the indictment or conviction. U.S.S.G. § 1B1.3(a)(2) (Nov. 1992); United States v. McNatt, 931 F.2d 251, 258 (4th Cir. 1991), cert. denied, 60 U.S.L.W. 3420, 3471, 3478 (U.S. 1992); United States v. Williams,880 F.2d 804, 806 (4th Cir. 1989). In determining which conduct appropriately is considered, the district court should review the " 'nature of the defendant's acts, his role, and the number and frequency of repetitions of those acts,' " as well as the"similarity, regularity and temporal proximity between the offense of conviction and the uncharged conduct." United States v. Mullins, 971 F.2d 1138, 1144 (4th Cir. 1992) (quoting United States v. Santiago, 906 F.2d 867, 872 (2d Cir. 1990)).
 
 
 5
 Here, the district court had before it evidence of an established relationship of drug dealing between Kinser and others dating from the beginning of the summer of 1991 to early December 1991, in which Kinser supplied crack cocaine in $50 to $100"rocks" to various purchasers of the narcotic. According to information provided by Kinser's accomplice, Kinser sold between $800 to $2000 worth of crack cocaine each day over approximately a four month period. The accomplice's statements were corroborated by several other individuals. Also, Kinser had attempted to sell $250 worth of crack cocaine to undercover agents one evening in the summer of 1991 prior to the offenses for which he was convicted.
 
 
 6
 It is established that judges are not restricted to information which would be admissible at trial in determining sentence. Rather, they may consider any reliable information. United States v. Roberts, 881 F.2d 95, 106 (4th Cir. 1989). Kinser's role in other drug transactions for which he was not indicted, along with their frequency and regularity as established by evidence before the district court, show that the transactions were a continuation of the same course of conduct for which Kinser was indicted and convicted. See Mullins, 971 F.2d at 1144; McNatt, 931 F.2d at 258.
 
 
 7
 The district court's determination in this case that the drug deals in which Kinser was involved were the same course of conduct or common scheme or plan is not clearly erroneous. See United States v. Daughtry, 874 F.2d 213, 217 (4th Cir. 1989). Therefore, the trial court's inclusion of other cocaine transactions, and its ultimate assessment of a base offense level of 33, was proper.
 
 
 8
 In accordance with Anders, this Court has reviewed thoroughly the record, including the transcripts of trial and sentencing and the Presentence Investigation Report, for any meritorious issues for appeal that relate to Kinser's trial and/or conviction, and finds none. We therefore affirm the judgment of the district court and uphold Kinser's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED