17 F.3d 1435
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Sylvester Clifford PHILLIPS, a/k/a Seal, Defendant-Appellant.
 No. 93-5500.
 United States Court of Appeals, Fourth Circuit.
 Submitted: December 29, 1993.
Decided: February 23, 1994.
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Bluefield. David A. Faber, District Judge. (CR-93-6)
 Deborah Archer Kilgore, BURTON & KILGORE, Princeton, West Virginia, for Appellant.
 Charles T. Miller, United States Attorney, John C. Parr, Assistant United States Attorney, Charleston, West Virginia, for Appellee.
 S.D.W.Va.
 AFFIRMED.
 Before NIEMEYER and LUTTIG, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Sylvester Clifford Phillips was charged with multiple drug offenses. After his trial had begun, Phillips pled guilty to conspiracy to distribute and to possess with intent to distribute cocaine, 21 U.S.C.A. Sec. 846 (West Supp.1992) (Count Two).[1] He appeals his sentence, alleging that the district court erred in determining the amount of drugs attributable to him as relevant conduct, in determining his criminal history category, and in denying him an adjustment for acceptance of responsibility. United States Sentencing Commission, Guidelines Manual, Secs. 2D1.1, 4A1.1, 3E1.1 (Nov.1992). We affirm.
 
 
 2
 The presentence report contained details of the offenses underlying all the counts with which Phillips was charged, and the drug amounts from the counts to be dismissed were also used as relevant conduct to calculate the recommended offense level of twelve. U.S.S.G. Sec. 1B1.3(a)(2); United States v. Williams, 880 F.2d 804, 805 (4th Cir.1989) (counts dismissed under plea agreement may be relevant conduct). Two criminal history points were added because Phillips committed part of the offense while on parole, U.S.S.G.Sec. 4A1.1(d), and another point was added because the offense was committed less than two years after Phillips was released from confinement. Phillips had been paroled from custody on a prior offense on June 14, 1989; his parole ended on July 19, 1990. Both enhancements were thus based
 
 
 3
 on Phillips' March 1990 drug distribution. U.S.S.G.Sec. 4A1.1, comment. (nn.4-5).
 
 
 4
 However, in his interview with the probation officer, Phillips denied making the March 1990 distribution. He also denied providing one-eighth of an ounce of cocaine to Gayle Collins in October 1991, conduct which was part of the factual basis for his guilty plea, and he claimed that other distributions charged as part of the cocaine conspiracy were for lesser amounts than alleged during the factual basis. As a result, the probation officer recommended that no adjustment for acceptance of responsibility be given. U.S.S.G.Sec. 3E1.1.
 
 
 5
 Phillips did not testify or present evidence at the sentencing hearing. The government presented evidence through Detective S.E. Pennington of the West Virginia State Police Bureau of Criminal Investigation in support of the information in the presentence report. Pennington also presented evidence of additional wrongdoing by Phillips.[2] Antonio Collins, a very reliable informant, identified Phillips as a runner or go-between for drug sales whom he knew as "Lucille" (Phillips was generally known as "Seal"). Martin told Pennington that he had sold Phillips at least ten grams of crack cocaine before his own arrest in June 1991. Gayle Collins, before her arrest on drug charges, referred to buying cocaine from Phillips in October 1991 in a recorded statement to a confidential informant. After her arrest, she confirmed that she had bought one-eighth of an ounce of cocaine from Phillips. Another reliable informant, Ronnie Johnson, said Phillips was one of several people getting cocaine from "Poncho," a source in New Jersey. His information was corroborated when Poncho's car was searched as he entered West Virginia, and Poncho made a comment indicating that he thought Sylvester Phillips had turned him in. Pennington also testified that he had surveilled Phillips during the Percocet transaction with an informant on July 29,
 
 
 6
 1992, in Bluefield, West Virginia, and had received information from the Princeton, West Virginia, police department on the controlled buy of Tylox from Phillips on March 27, 1990.
 
 
 7
 The district court found that the government had proved the additional drug transactions by a preponderance of the evidence, and had proved the March 1990 sale of Tylox. It found that the cocaine[3] and crack amounts (10 grams of crack [Martin], 3.5 grams of cocaine [Collins], and 56.7 grams of cocaine [Poncho] when added to the amount of oxycodone proved, resulted in a base offense level of twenty-six. It found that Phillips' relevant conduct had begun in March 1990 and that enhancements were correctly made under sections 4A1.1(d) and 4A1.1(e). It denied an acceptance of responsibility adjustment based on the lateness of Phillips' guilty plea and his failure to truthfully admit all of the conduct comprising the offense of conviction and his false denial of relevant conduct. U.S.S.G. Sec. 3E1.1, comment. (nn. 1(a)-2).
 
 
 8
 We perceive no clear error in any of the district court's factual findings. Although Phillips asserts on appeal that the government's evidence was not sufficiently reliable to support the findings concerning the drug amount and his commission of the March 1990 distribution, our review of the evidence discloses that in each instance the evidence had more than the necessary minimum indicia of reliability. See United States v. Hicks, 948 F.2d 877, 883 (4th Cir.1991); United States v. Bowman, 926 F.2d 380, 381 (4th Cir.1989). The district court was in a good position to weigh the reliability of the government's evidence, because it had presided over the trial of Lewis Whitehead, the source of the cocaine Phillips obtained for Collins and Karnes, and had sentenced Antonio Martin. Phillips had the opportunity to cross-examine Detective Pennington, and to present his own evidence had he wished to do so.
 
 
 9
 Because of Phillips' untimely guilty plea and his false denial of relevant conduct which the district court found to be true, the court was fully justified in denying him an adjustment for acceptance of responsibility.
 
 
 10
 The judgment of the district court is therefore affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 
 [1]
 The other counts charged were: Count One--conspiracy to distribute oxycodone (Tylox and Percocet) between March 27, 1990, and January 1993, 21 U.S.C.A. Sec. 846; Count Three--distribution of Tylox within 1000 feet of a school on March 27, 1990, 21 U.S.C.A.Secs. 841, 860 (West 1981 & Supp.1993); Count Four--possession with intent to distribute Tylox on March 27, 1990, 21 U.S.C.A. Sec. 841; Count Five--distribution of marijuana on July 28, 1990, 21 U.S.C.A. Sec. 841; Count Six--interstate travel in aid of a racketeering enterprise on July 29, 1992, 18 U.S.C.A. Sec. 1952(a)(3) (West Supp.1993)
 
 
 [2]
 Our examination of the record suggests that the parties may have agreed initially to limit the information provided to the probation officer concerning the count of conviction. If so, the parties would do well to review U.S.S.G. Sec. 6B1.2. & comment., U.S.S.G.App. C, amendment 467 (plea agreements should not undermine the sentencing guidelines); see also Sec. 6B1.4 & comment. (not appropriate for parties to stipulate to misleading facts)
 
 
 [3]
 The district court did not consider three distributions of one-eighth of an ounce of cocaine each to Lewis Karnes in June 1991. Although these transactions were part of the factual basis for Phillips' plea, and were included in the probation officer's calculation, the court found that the government had not produced reliable evidence of the amount of cocaine distributed to Karnes