**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Anthony K. WILLIAMS, a/k/a Tony,
Defendant–Appellant.**

No. 88–5213.

United States Court of Appeals,
Fourth Circuit.

Argued May 12, 1989.

Decided Aug. 1, 1989.

Rehearing and Rehearing In Banc
Denied Sept. 6, 1989.

Daniel Jefferson Post for appellant.

Thomas O. Mucklow, Asst. U.S. Atty. (William A. Kolibash, U.S. Atty., Lisa A. Grimes, Sp. Asst. U.S. Atty., John H. Reed, Asst. U.S. Atty., on brief) for appellee.

Before MURNAGHAN and CHAPMAN, Circuit Judges, and SMALKIN, United States District Judge for the District of Maryland, sitting by designation.

CHAPMAN, Circuit Judge:

This appeal presents the question as to whether at a sentencing on a plea of guilty to one count of a five count indictment, each count charging distribution of cocaine in violation of 21 U.S.C. § 841(a)(1), the district judge may consider the quantities of cocaine not specified in the count to which the defendant enters his guilty plea in computing the defendant's base offense level under the sentencing guidelines. We find that such additional quantities of cocaine may be considered, and we affirm.

Anthony K. Williams was charged in a five count indictment with distributing cocaine on five different occasions between September 1987 and March 23, 1988 in the vicinity of Wheeling, West Virginia. The exact amount of cocaine covered by each count of the indictment is not stated therein, but the presentence report stated:

> Based on the foregoing, utilizing the most conservative figures available, the government would estimate that it would have been readily able to prove that the defendant Williams distributed at least one gram or more of cocaine base. Accordingly, the government would respectfully suggest that the level of the defendant's overall offense should be denoted at level 18 under the Sentencing Guidelines.

Appellant argues that his base offense level should be 12 because he could only be sentenced for the amount of cocaine to which he pled guilty and this would produce a level of 12. The appellant was given a two level reduction because of his acceptance of responsibility.

The amounts of cocaine distributed on the occasions set forth in counts 1, 2, 3, and 4 of the indictment, which were dismissed when the plea of guilty to count 5 was accepted, represent relevant conduct that may be considered in determining the applicable guideline range under § 1B1.3(a)(2) which provides:

> The conduct that is relevant to determining the applicable guideline range includes that set forth below.

> (a) *Chapters Two (Offense Conduct) and Three (Adjustments).* Unless otherwise specified, (i) the base offense level where the guideline specifies more than one base offense level, (ii) specific offense characteristics and (iii) cross references in Chapter Two, and (iv) adjustments in Chapter Three, shall be determined on the basis of the following:

> > (2) solely with respect to offenses of a character for which § 3D1.2(d) would require grouping of multiple counts, all such acts and omissions that were part of the same course of conduct or common scheme or plan as the offense of conviction;

Section 3D1.2(d) does not require a grouping of the multiple counts in the present indictment and therefore the court may consider the acts contained in counts 1 through 4 as a part of the same course of conduct or common scheme or plan as the offense of conviction.

The Commentary to § 1B1.3 explains subsection (a)(2) as follows:

> Subsection (a)(2) provides for consideration of a broader range of conduct with respect to one class of offenses, primarily certain property, tax, fraud and drug offenses for which the guidelines depend substantially on quantity, than with respect to other offenses such as assault, robbery and burglary. The distinction is made on the basis of § 3D1.2(d), which provides for grouping together (*i.e.,* treating as a single count) all counts charging offenses of a type covered by this subsection. However, the applicability of subsection (a)(2) does not depend upon whether multiple counts are alleged. Thus, in an embezzlement case, for example, embezzled funds that may not be specified in any count of conviction are nonetheless included in determining the offense level if they are part of the same course of conduct or part of the same scheme or plan as the count of conviction. *Similarly, in a drug distribution case, quantities and types of drugs not specified in the count of con-*

*viction are to be included in determining the offense level if they were part of the same course of conduct or part of a common scheme or plan as the count of conviction.* On the other hand, in a robbery case in which the defendant robbed two banks, the amount of money taken in one robbery would *not* be taken into account in determining the guideline range for the other robbery, even if both robberies were part of a single course of conduct or the same scheme or plan. (This is true whether the defendant is convicted of one or both robberies.) (Emphasis added)

The district court found that the distributions in all of the counts of the indictment were part of the same course of conduct and therefore the quantities distributed in the five counts could be aggregated in determining the proper base offense level of 18. The government had the burden, by a preponderance of the evidence, of establishing the quantities of cocaine charged under dismissed Counts 1 through 4. The defendant has not claimed that the government failed to meet this burden of proof, and the district court's findings of fact as to the amounts are not clearly erroneous.

We find no merit to appellant's claim that the sentencing court was bound to use a base offense level of 12 because of the plea agreement entered into between the appellant and the United States Attorney. This agreement provided in part:

8. The United States will make the following *nonbinding* recommendations: 1) the United States will recommend that the Court credit the defendant with a reduction of two levels below the otherwise applicable guideline range for "acceptance of responsibility," as provided by Guideline 3E1.1.p

9. Both parties acknowledge that the Sentencing Guidelines are applicable to the offenses which are the subject of this plea agreement. However, the parties also acknowledge that the specific "offense level" has not yet been agreed

upon and remains for future resolution. The government has asserted preliminarily that Count Five would appear to be graded as a level 12 Offense.

The appellant was given the two level reduction as recommended by the government in paragraph 8, but the district court did not go along with the base offense level of 12 as mentioned in paragraph 9. It is obvious from the language of paragraph 9 that the base offense level "remains for future resolution." Such resolution is to be made by the district court and we have found that his finding of a base offense level of 18 is not clearly erroneous.

The sentencing judge is not bound to a particular sentence under the plea agreement and the plea agreement makes clear in paragraph 2 that:

The maximum sentence to which Mr. Williams will be exposed, by virtue of his plea of guilty, as stated in paragraph 1 above, is imprisonment for a period of twenty (20) years, and a fine of $1,000,000.00, and a term of at least three (3) years of supervised release, for a violation of Title 21, United States Code, Section 841(a))1) 21 USC 841(b)(1)(C) ] and a special mandatory assessment of $50.00 [18 USC 3013].

Paragraph 7 of the agreement also clearly sets forth that no representations have been made as to what the final disposition at sentencing will be and that the court is not bound by any recommendations that may be made.

AFFIRMED.