931 F.2d 888
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Eugene HOGAN, a/k/a Chris Johnson, a/k/a Nigel James Colon,
Defendant-Appellant.
 No. 90-5494.
 United States Court of Appeals, Fourth Circui91.
Decided May 3, 1991.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Robert G. Doumar, District Judge. (CR-89-158-N)
 Henry Kowalchick, Norfolk, Va., for appellant. Charles Dee Griffith, Jr., Assistant United States Attorney, Norfolk, Virginia (argued), for appellee; Henry E. Hudson, United States Attorney, Norfolk, Va., on brief.
 E.D.Va.
 AFFIRMED.
 Before SPROUSE, Circuit Judge, DUPREE, Senior United States District Judge for the Eastern District of North Carolina, sitting by designation, and HIRAM H. WARD, Senior United States District Judge for the Middle District of North Carolina, Sitting by Designation.
 PER CURIAM:
 
 
 1
 Appellant Eugene Hogan was convicted by a jury of distribution of five ounces of cocaine and unlawful use of a communication facility in the distribution of cocaine. On appeal, Hogan asserts (1) that there was insufficient evidence to sustain a conviction on either of the charges and (2) that it was error to place him in an offense level for more than the five ounces of cocaine charged in the indictment and proven at trial based only on hearsay information presented at the sentencing hearing. Finding no merit to these contentions, we affirm.
 
 I.
 
 2
 Hogan was arrested following a cocaine purchase by an undercover officer arranged by Kathy Thompson, a police informant in Portsmouth, Virginia who claimed to have had extensive past experience selling cocaine for Hogan. The sale on the day of the arrest was made by Joey Robey, who pled guilty to drug charges in separate proceedings. Hogan was found hiding in the back seat of the car that he and Robey had driven to the scene and had with him $1,962 in cash wrapped in marked money wrappers, a set of keys, and a portable cellular telephone. Laboratory analysis of the packet sold by Robey to the undercover officer indicated that it contained approximately five ounces of cocaine.
 
 
 3
 At trial, both Robey and his girlfriend Michelle D'Angelo testified that they had assisted Hogan in several prior cocaine transactions. D'Angelo testified that on the day of the arrest she picked up Hogan at a condominium in Virginia Beach where she observed drug scales and baggies and overheard Hogan telling Robey on the phone that he had the cocaine that Robey would sell that afternoon. There was testimony that three days after the arrest, officers used the keys found on Hogan to enter and search the condominium. Inside were found money wrappers similar to those found wrapping the money recovered from Hogan on the day of his arrest, a phone ledger book with the number of the drug informant Kathy Thompson, and a copy of the phone contract for the cellular telephone. Also admitted into evidence were phone records showing that several calls were placed on the day of the arrest from Hogan's cellular telephone to the residence of Robey and the residence and cellular telephone of Thompson.
 
 
 4
 At the conclusion of the government's case, Hogan made a motion for acquittal, which the court denied. The jury subsequently found Hogan guilty on both counts.
 
 
 5
 At the sentencing phase, the presentence report estimated that Hogan had sold between fifteen and fifty kilograms of cocaine over the one and a half year period that he had been dealing with Robey. The court heard testimony at the sentencing hearing from the arresting officer and the probation officer stating that the estimate of Hogan's past drug sales was based on interviews with Robey, Thompson, and Thompson's boyfriend Danny McDermott.
 
 
 6
 A strict application of the guidelines for a sale of more than fifteen kilograms of cocaine by a leader of a substantial enterprise with Hogan's criminal history category (II) would have led to a sentence of between 210 and 262 months, but the district court chose to depart downward due to Hogan's youth. The court imposed a sentence of 168 months, which was a downward departure of two offense levels to a level Hogan would have been placed in had he only sold five to fifteen kilograms of cocaine. The government objected, but chose not to appeal this downward departure.
 
 II.
 
 7
 Regarding the sufficiency of the evidence, Hogan's counsel appeared to concede this issue at oral argument. In any case, we have found no grounds for disturbing the court's denial of the motion for acquittal. The relevant question is whether, after reviewing the evidence, both direct and circumstantial, in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 318-19 (1979). See also White v. United States, 279 F.2d 740, 748 (4th Cir.), cert. denied, 364 U.S. 850 (1960). Certainly the evidence presented by the government at trial was sufficient to support the jury's finding of guilt.
 
 III.
 
 8
 Hogan's second contention is that he should not be sentenced for selling more than fifteen kilograms of cocaine when the only testimony at trial related to less than one hundredth of that amount. However, under the sentencing guidelines a court can base a sentence on all acts "that were part of the same course of conduct or common scheme or plan" whether or not they were part of the charge for which a defendant was convicted. U.S.S.G. Sec. 1B1.3; United States v. Vinson, 886 F.2d 740, 741-42 (4th Cir.1989), cert. denied, 110 S.Ct. 878 (1990); United States v. Williams, 880 F.2d 804, 805-06 (4th Cir.1989). The government need only establish the quantity of cocaine for sentencing purposes by a preponderance of the evidence, and the district court's findings on quantity will only be overturned on appeal if clearly erroneous. Vinson, 886 F.2d at 742; Williams, 880 F.2d at 806. Where as here, Hogan chose not to offer any evidence disputing the government's evidence that he had been selling cocaine for a period of eighteen months, the court properly found that the amount of cocaine estimated in the presentence report had been established by a preponderance of the evidence.
 
 
 9
 While Hogan has objected to certain evidence presented at the sentencing hearing, the type of information to be considered by a sentencing judge is virtually unlimited and weight may be given to any reliable source of information. United States v. Bowman, 926 F.2d 380, 381 (4th Cir.1991). Hearsay evidence may be considered at sentencing as long as the defendant is given an opportunity to refute the evidence and the evidence bears minimal indicia of reliability. United States v. Hairston, 888 F.2d 1349, 1353 (11th Cir.1989).
 
 
 10
 Based on the foregoing, we find sufficient evidence to support the jury's finding of guilt and the sentence imposed.
 
 
 11
 AFFIRMED.