944 F.2d 903
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Frank Ernesto RYCE, Defendant-Appellant.
 No. 90-5046.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 31, 1991.
Decided Sept. 19, 1991.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. John A. MacKenzie, Senior District Judge. (CR-89-152-N)
 Christopher P. Shema, Tolerton & Brown, P.C., Norfolk, Va., for appellant.
 Harvey L. Bryant, III, Assistant United States Attorney, Norfolk, Va., for appellee.
 E.D.Va.
 AFFIRMED.
 Before SPROUSE, WILKINSON and WILKINS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Frank Ernesto Ryce was convicted of conspiracy to distribute cocaine (21 U.S.C. § 846), money laundering (18 U.S.C. § 1956(a)(2)(A) and (7)(A)), use of a telephone to facilitate drug distribution (21 U.S.C. § 843(b)), and carrying a firearm in a drug transaction (18 U.S.C. § 924(c)). He appeals the guideline sentence imposed, contending that the district court erred in considering drug amounts from transactions which occurred before the dates of the conspiracy alleged in the indictment, in setting his offense level, and in calculating the total quantity of cocaine involved. We affirm.
 
 
 2
 Two co-defendants who entered guilty pleas, Antonio Palmer and Stanley Heyward, testified at Ryce's trial that several people they knew had made trips to Panama to purchase drugs at Ryce's direction in February and March of 1989, and that Ryce enlisted Heyward and Palmer to assist him in October 1989. Heyward provided the money for the purchase and bought a ticket for Palmer, who made the trip. Ryce got Palmer a passport and arranged for his contacts in Panama to meet Palmer and sell him the cocaine. On the way back, Palmer was arrested in the Los Angeles airport and decided to cooperate with authorities. Heyward and Ryce were subsequently arrested. The conspiracy count in the indictment concerned only the October 1989 trip.
 
 
 3
 Relying on information in the presentence report, which stated that the total amount of drugs brought back from Panama on four trips made in 1989 at Ryce's direction was ten kilograms in all, the district court gave Ryce a base offense level of 32 and added two levels for his leadership role. Ryce maintains on appeal that only the four kilograms from the October trip should have been used because the indictment did not include the February and March trips and the district court made no finding that they were part of the same common scheme or plan as the October trip. He also claims that there was no evidence he ever possessed ten kilograms of cocaine. He alleges that due process was violated in both respects.
 
 
 4
 Under U.S.S.G. § 1B1.3(a)(2), the relevant conduct to be considered in determining the offense level in a drug offense includes all acts that were part of the same common scheme or plan as the offense of conviction. At sentencing, Ryce argued that he was not the leader in the offense and that the amounts from the February and March trips should not be considered because they were not charged in the indictment. The district court's finding that Ryce was the leader and the amounts properly considered, while not using the "common scheme or plan" language, encompasses a finding that all four trips were part of a common scheme; its finding is supported by a preponderance of the evidence. Uncharged conduct may be considered in computing the base offense level when it is part of the same common scheme or plan. United States v. Williams, 880 F.2d 804 (4th Cir.1989). No violation of due process occurred in this respect.
 
 
 5
 In their trial testimony, Palmer and Heyward did not mention what amounts of cocaine were obtained in the February and March trips. The presentence report, however, gave a detailed account of the February and March trips to Panama and stated that two kilograms of cocaine were brought in on each of the three trips. Ryce did not specifically object, either in writing or at the sentencing hearing, to these amounts, though Ryce stated at the hearing that he had been involved with only four kilograms of cocaine. To the extent that Ryce can be said to have disputed the amounts given in the presentence report, the district court's determination that the base offense level was correctly set at 32 (5-15 kilograms of cocaine, § 2D1.1(c)), is not clearly erroneous. The district court may approximate the quantity of drugs when the amount seized does not reflect the scale of the offense. § 2D1.4, comment. (n. 2).
 
 
 6
 The judgment of the district court is therefore affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 7
 AFFIRMED.