9 F.3d 1544
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Archie JOHNSON, Defendant-Appellant.
 No. 93-5122.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: September 29, 1993.
Decided: November 12, 1993.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.
 Ira Michael Steingold, Virginia Beach, Virginia, for Appellant.
 Kenneth E. Melson, United States Attorney, Arenda L. Wright Allen, Assistant United States Attorney, Norfolk, Virginia, for Appellee.
 E.D.Va.
 AFFIRMED.
 Before HALL and NIEMEYER, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 Archie Johnson entered a guilty plea to a charge of being a felon in possession of a firearm in violation of 18 U.S.C.A. § 922(g) (West Supp. 1993). He appeals his 115-month sentence of imprisonment on various grounds. We affirm.
 
 
 2
 First, Johnson contends that the district court erred in considering his 1990 New York conviction of robbery in the third degree to determine that he had two prior felony convictions of a crime of violence and that his base offense level was twenty-four under guideline section 2K2.1(a)(2).[1] Johnson bases his argument on the fact that the robbery conviction was not assigned criminal history points in the presentence report. The commentary to section 2K2.1 provides that any such prior conviction which receives criminal history points should be considered. The probation officer did not assign points for the robbery conviction because he believed it was related to a 1990 conviction for grand larceny in the fourth degree for which Johnson was sentenced on the same day, and that the two convictions should therefore be treated as one. U.S.S.G. § 4A1.2(a)(2), comment. (n.3).
 
 
 3
 The district court accepted the view that the cases were related, but found that points were arbitrarily assigned to the grand larceny case because it occurred first, and could have been assigned to either the robbery or the grand larceny. As a result, it found that the robbery conviction should be counted in determining the base offense level. We do not take issue with the district court's reasoning. However, we note that the robbery and grand larceny convictions were not related cases because Johnson was arrested for the grand larceny before he committed the robbery. See U.S.S.G. § 4A1.2, comment. (n.3). Criminal history points could have been assigned for both convictions.[2] Therefore, we find that the robbery conviction was properly counted.
 
 
 4
 Second, Johnson contests the district court's enhancement of his base offense level under section 2K2.1(b)(4) for possession of a firearm with an obliterated serial number. Although the government agreed to drop a separate count charging Johnson with possession of a firearm with an obliterated serial number, the district court correctly considered this factor as relevant conduct, which may include dismissed charges. United States v. Williams, 880 F.2d 804, 805-06 (4th Cir. 1989). The testimony of the case agent at the sentencing hearing established by a preponderance of the evidence that the serial number had been removed. The government was not required to produce the gun as evidence.
 
 
 5
 In addition to the two-level adjustment which he received for acceptance of responsibility, Johnson maintains that he was entitled to a reduction of one more level under guideline section 3E1.1(b). The district court found that Johnson did not qualify for the additional reduction under subsection (b)(1) because he had not given timely and complete information to authorities about his involvement in the offense. When he was arrested, Johnson told police he had bought the gun a week before. After being released on bond, he returned to New York where he told his parole officer that he received the gun from a drug dealer, for whom he was acting as bodyguard. At sentencing, Johnson said that a passing acquaintance had given him the gun about twenty minutes before his arrest after he got into an argument at a convenience store and his life was threatened. The court found that Johnson did not qualify under subsection (b)(2) because his guilty plea, entered on the day of trial, was not timely. The district court did not clearly err in deciding that Johnson had not earned the additional reduction.
 
 
 6
 Finally, Johnson contests the district court's decision to sentence him at the top of the guideline range. The district court may fix the sentence at any point within a properly calculated guideline range in its discretion, and its decision is not appealable. United States v. Porter, 909 F.2d 789, 794-95 (4th Cir. 1990).
 
 
 7
 The judgment of the district court is therefore affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 United States Sentencing Commission, Guidelines Manual (Nov. 1992)
 
 
 [2]
 The government made no objection to the criminal history calculation at sentencing and does not claim error on appeal