28 F.3d 1212
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ricky Ricardo WARD, Defendant-Appellant.
 No. 94-6107.
 United States Court of Appeals, Fourth Circuit.
 Submitted May 10, 1994.
Decided June 17, 1994.
 
 Ricky Ricardo Ward, appellant pro se.
 Robert Joseph Seidel, Jr., Asst. U.S. Atty., Norfolk, VA, for appellee.
 VACATED IN PART AND REMANDED.
 Before PHILLIPS and LUTTIG, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Ricky Ricardo Ward filed a Petition for Rehearing With Suggestion for Rehearing In Banc, requesting reconsideration of this Court's decision affirming the district court's denial of relief under 28 U.S.C. Sec. 2255 (1988). Ward's Sec. 2255 motion challenged the validity of his plea of guilty to one count of distributing 23 grams of crack cocaine in violation of 21 U.S.C.A. Secs. 841(a)(1) and (b)(1)(B)(iii) (West 1981 & Supp.1994), and the 168-month sentence imposed by the district court. In his petition, he similarly asserted that the district court's sentencing calculation was erroneous. For the reasons which follow, we vacate the sentence imposed and remand for resentencing.[1]
 
 
 2
 Following his plea, Ward was initially sentenced as a career offender to 240 months imprisonment on September 25, 1990. In calculating this sentence, the district court appropriately considered the entire quantity of drugs referenced in the nine-count indictment (over 1,100 grams), to arrive at a base offense level of 32 under guideline section 2D1.1(6).[2] United States v. Williams, 880 F.2d 804 (4th Cir.1989). The base offense level was then reduced to 30 to reflect Ward's acceptance of responsibility, but was again increased to 32 as a result of the base offense level prescribed by the career offender provision of guideline section 4B1.1.[3] Career offender status was premised on two prior state convictions for possession with intent to distribute drugs, for which Ward received five-year suspended sentences on February 6, 1987, and on one prior state conviction for distributing cocaine, for which he received a sentence of six years imprisonment on September 21, 1988.
 
 
 3
 Ward filed a timely appeal challenging the district court's inclusion of quantities of drugs referenced in dismissed counts of the indictment for sentencing purposes. This Court affirmed on the basis that Ward had waived his appeal of this issue by failing to raise it at the sentencing hearing. United States v. Ward, No. 90-5225 (4th Cir. Mar. 12, 1992) (unpublished). While Ward's direct appeal was pending with this Court, the Virginia Supreme Court reversed the September 21, 1988 drug conviction used to classify Ward as a career offender, and defense counsel immediately filed a motion for modification of the sentence. A resentencing hearing was held more than one year later, well after this Court's decision affirming the conviction and initial sentence.
 
 
 4
 A conviction for a charge which was pending at the time the original presentence report was prepared was added to the criminal history worksheet at resentencing to replace the deleted conviction. This added conviction was also for distribution of cocaine, but the sentence imposed on September 12, 1990, thirteen days before the date of the original sentencing hearing, was suspended in its entirety, thus reducing the applicable criminal history points to 1, pursuant to guideline sections 4A1.2(a)(3) and 4A1.1(c). Because this added prior conviction was not entered before Ward's commission of the offense to which he pled guilty in the instant case, Ward was no longer classified as a career offender, as reflected in the presentence report's reversion to a criminal history category of III, rather than the category VI applied to all career offenders under guideline section 4B1.1.[4] Nonetheless, the presentence report calculated the new sentence using an offense level of 32, rather than reverting to the offense level total of 30 which should have applied in the absence of career offender status. An offense level of 30 combined with a criminal history score of III results in a sentencing range of 121-151 months imprisonment. U.S.S.G. Sec. 5, Sentencing Table. Instead, the district court placed Ward in the guideline range applicable to an offense level of 32, and imposed a sentence of 168 months.
 
 
 5
 Due to this error, which the Government now recognizes,[5] we vacate the sentence imposed and remand for resentencing consistent with this opinion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 VACATED IN PART AND REMANDED
 
 
 [1]
 Ward's Petition for Rehearing is granted by separate order
 
 
 [2]
 United States Sentencing Commission, Guidelines Manual, Sec. 2D1.1(6) (Nov.1989)
 
 
 [3]
 The offense of conviction carried a statutory sentence of 5 to 40 years. 21 U.S.C. Sec. 841(b)(1)(B)(iii). The offense statutory maximum was thus "25 years or more," placing Ward in an offense level category of 34 under guideline section 4B1.1(B). Reduced by two points for his acceptance of responsibility, the applicable career offender offense level was 32
 
 
 [4]
 This was the correct result. According to guideline section 4B1.2(3)(A), the phrase "two prior felony convictions" means that the defendant must have "committed the instant offense subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense[.]" Ward was not convicted and sentenced for the added prior conviction until September 12, 1990, after he committed the instant offense. The remaining two felony convictions for possession of drugs with intent to distribute, for which Ward was sentenced on February 6, 1987, were appropriately counted as one prior conviction for career offender purposes, because the cases were related within the meaning of guideline sections 4B1.2(3)(B) and 4A1.2(a)(2). Thus, exclusion of the conviction which was reversed by the Virginia Supreme Court left only one countable prior offense for purposes of the career offender assessment, and this was not enough to meet the career offender criteria of guideline section 4B1.1
 
 
 [5]
 At the Court's request, the Government filed a response to Ward's Petition for Rehearing, in which it conceded that an error was made, and that resentencing is warranted