54 F.3d 774
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Larry Richard FOWLER, Defendant-Appellant.
 No. 94-5372.
 United States Court of Appeals, Fourth Circuit.
 Submitted April 20, 1995.
Decided May 16, 1995.
 
 David Grant Belser, Whalen, Hay, Pitts, Hugenschmidt, Master, Devereux & Belser, P.A., Asheville, NC, for appellant. Mark T. Calloway, United States Attorney, Jerry W. Miller, Assistant United States Attorney, Asheville, NC; Thomas E. Booth, United States Department of Justice, Washington, DC, for Appellee.
 Before WIDENER, WILKINSON, and WILKINS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Larry Richard Fowler entered a guilty plea to one count of possession with intent to distribute less than ten kilograms of marijuana, 21 U.S.C.A. Sec. 841 (West 1981 & Supp.1994), 18 U.S.C. Sec. 2 (1988). He received a sentence of five years imprisonment, and appeals his sentence. Fowler contends that the district court clearly erred in finding that he was responsible for at least 453 kilograms of marijuana for sentencing purposes and in denying him a minor role adjustment. United States Sentencing Commission, Guidelines Manual, Secs. 2D1.1, 3B1.2 (Nov.1993). We affirm.
 
 
 2
 Fowler was originally charged with participation in a conspiracy to import marijuana from Mexico through Texas to North Carolina, and with one substantive count of possession with intent to distribute marijuana. Fowler pled guilty to the substantive count, and sought to limit his relevant conduct to one-half pound of marijuana. He admitted arranging a sale for that amount in October 1992, but testified at his sentencing hearing that he had no involvement in the conspiracy.
 
 
 3
 The government presented contrary evidence from a Federal Bureau of Investigation agent who testified that Fowler was directly involved with an organization headed by William Clyde Early and Douglas Allen Duncan which brought more than 6000 pounds of marijuana to North Carolina between 1990 and 1992. The agent testified that three co-defendants had independently implicated Fowler in the conspiracy,* and that their information had been confirmed by a reliable confidential informant. The government's information from these sources was that Fowler was involved in the conspiracy from the beginning as a mid-level distributor. The agent testified that during that time Fowler received monthly loads which ranged from fifty to several hundred pounds of marijuana; he also supervised the distribution of the marijuana. In addition, Fowler supplied marijuana from the Clyde Early/Duncan organization to another similar organization run by Jerry Dean Early, Sr., and Kyle Beard when their supply was low.
 
 
 4
 The district court found that the government's evidence was reliable and credible while Fowler's was not, and that the presentence report was accurate in calculating Fowler's guideline sentence by using 1000 pounds (453 kilograms) of marijuana as his relevant conduct. The court made no reduction for minor role. On appeal, Fowler contends that his testimony was enough to show the information in the presentence report was inaccurate. He argues that the government's evidence was unreliable because it consisted of mere allegations.
 
 
 5
 First, we note that district court correctly determined Fowler's offense level and role in the offense by considering all his relevant conduct, rather than simply the offense of conviction. See USSG Sec. 1B1.3(a); United States v. Williams, 880 F.2d 804, 805 (4th Cir.1989). Second, the district court did not clearly err in finding that Fowler was involved in the conspiracy; the court did not find believable Fowler's assertion that he was not involved. Credibility determinations are not reviewable. United States v. Saunders, 886 F.2d 56, 60 (4th Cir.1989). Finally, the hearsay evidence presented by the FBI agent had the necessary minimal indicia of reliability which raised it above mere allegation. See United States v. Hicks, 948 F.2d 877, 883 (4th Cir.1991). Fowler's level of participation was disclosed in separate interviews with three co-defendants and their information was verified through a confidential informant. The information thus received showed that Fowler personally handled at least 1000 pounds (453 kilograms) of marijuana. The district court therefore did not clearly err in finding Fowler responsible for that amount of marijuana. No finding on foreseeability was necessary.
 
 
 6
 Fowler did not present any evidence that he played a minor role in the conspiracy, choosing instead to assert that he was not involved at all. Consequently, the district court did not clearly err in finding that he had more than a minor role.
 
 
 7
 We therefore affirm the sentence imposed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 The three were Douglas Allan Duncan, David Paul Radford, and Ronnie Self