54 F.3d 774
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
William DAVID CLAPP, Jr., Defendant-Appellant.
 No. 94-5411.
 United States Court of Appeals, Fourth Circuit.
 Submitted: February 21, 1995.
Decided: May 17, 1995.
 
 S. Gray Robinson, Jackson & Robinson, Bristol, VA, for Appellant. Julie Marie Campbell, Assistant United States Attorney, Abingdon, VA, for Appellee.
 Before NIEMEYER and MOTZ, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 The Appellant, William Clapp appeals his sentence of ninety months for unlawfully possessing ammunition as a convicted felon in violation of 18 U.S.C. Sec. 922(g)(1) & Sec. 924(a)(2) (1988). Counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967). Counsel would argue sentencing is limited to the offense of conviction, but recognizes that the sentencing court may use all relevant criminal conduct. Clapp did not file a supplemental brief. Finding this appeal without merit, we affirm the district court's sentence.
 
 
 2
 Clapp contends that the district court erred by increasing his offense level by one point pursuant to United States Sentencing Commission, Guidelines Manual, Sec. 2K2.1(b)(1)(A) (Nov.1993), in accordance with the plea agreement that called for using three of the five firearms charged in counts one, two, three, and five which were dismissed by plea agreement. Clapp asserts that the court is limited to the offense of conviction, rather than the entire course of relevant conduct. Clapp is mistaken: a sentencing court may take into account criminal conduct in counts that were dismissed as part of a plea agreement. U.S.S.G. Sec. 1B1.3(a)(2); United States v. Williams, 880 F.2d 804, 805 (4th Cir.1989).
 
 
 3
 Next, Clapp claims that the district court erred by not following the government's recommendation that he be sentenced to eighty-four months. Clapp's claim is without merit because the sentence imposed was within the applicable guideline range; therefore this Court is without jurisdiction to review the sentence. United States v. Porter, 909 F.2d 789, 794 (4th Cir.1990).
 
 
 4
 This Court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this Court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED