**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.

                                               No. 95-5774

ROBERT LEON LOGAN, a/k/a Thomas
Ray Logan, a/k/a Bobby Roy
Logan,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the Western District of Virginia, at Abingdon.
Glen M. Williams, Senior District Judge.
(CR-95-20-A)

Submitted: August 22, 1996

Decided: September 12, 1996

Before RUSSELL, HALL, and WILLIAMS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Louis Dene, DENE & DENE, Abingdon, Virginia, for Appellant.
Robert P. Crouch, Jr., United States Attorney, Richard A. Lloret,
Assistant United States Attorney, Abingdon, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Robert Leon Logan pled guilty to making false statements to a United States Park Service Ranger to cover up a material fact in violation of 18 U.S.C.A. § 1001 (West Supp. 1996). The district court departed upward from the sentencing guideline range of 6-12 months and sentenced Logan to 41 months imprisonment. He appeals this sentence, contending that the district court abused its discretion by failing to accept recommendations in the plea agreement. He also argues that he was given inadequate notice of the departure and that the extent of the departure was an abuse of discretion. We affirm.

Logan has a long history of convictions for driving while impaired, driving on a revoked license, and other offenses. In June 1995, Logan was found by a Park Ranger slumped over the wheel of his car on the Blue Ridge Parkway. He was highly intoxicated. Logan gave a false name, date of birth, and place of residence. The next day he was charged with making false statements. Logan pled guilty under a plea agreement in which the government agreed to recommend a sentence within the guideline range. The agreement stated that "any recommendation or agreement by the United States Attorney concerning sentencing issues contained in the plea agreement may be disregarded by the Court at sentencing."

Logan's 25 countable criminal history points put him in criminal history category VI. With an offense level of 4 (including a 2-level reduction for acceptance of responsibility), Logan's guideline range was 6-12 months. The probation officer suggested that an upward departure might be appropriate because Logan's other convictions (many for similar alcohol-related offenses) which were beyond the applicable time period would have added another 25 criminal history points. Moreover, other charges brought against Logan in the past had been dropped because he could not be located. In addition, Logan told

2

the probation officer he was not on probation or parole at the time of the instant offense when in fact he had absconded from parole in North Carolina and a parole violator warrant had been issued for him.

At Logan's sentencing hearing, despite the government's recommendation of a sentence within the guideline range, the district court decided to depart upward on the grounds listed by the probation officer. The court noted that Logan had engaged in continuous criminal conduct of various kinds since becoming an adult and continued to drive while drunk, despite his participation in alcohol treatment programs. Finding that Logan had 33 criminal history points above the number necessary for category VI, the district court departed upward to offense level 15. The court found that each intervening category was inadequate to address the seriousness of Logan's conduct. The guideline range was then 41-51 months; the court imposed a sentence of 41 months.

We find first that Logan had adequate notice of a possible departure and of the grounds on which it might be made, as required by Burns v. United States, 501 U.S. 129 (1991). Second, the court did not abuse its discretion in rejecting the government's recommendation for a sentence within the guideline range. Logan's plea agreement correctly stated that the court was not bound by the government's recommendation and Logan concedes that he understood this when the plea was entered. The district court's decision that the recommended sentence was too light did not constitute a rejection of the plea agreement. See United States v. Williams, 880 F.2d 804, 806 (4th Cir. 1989). Finally, the extent of the departure was not an abuse of discretion. The district court followed the procedure for departing above category VI required by United States v. Cash , 983 F.2d 558, 561 & n.6 (4th Cir. 1992), cert. denied, 508 U.S. 924 (1993), and adequately explained its reasons for departing upward by eleven levels.

We therefore affirm the sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3