UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 97-4209

ARTHUR STEADMAN,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Orangeburg.
Charles E. Simons, Jr., Senior District Judge.
(CR-96-491)

Submitted: October 10, 1997

Decided: October 28, 1997

Before LUTTIG, MICHAEL, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Henry M. Anderson, Jr., SALEEBY & COX, P.A., Florence, South
Carolina, for Appellant. J. Rene Josey, United States Attorney, Jane
B. Taylor, Assistant United States Attorney, Columbia, South Caro-
lina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Arthur Steadman was indicted on three counts of possession with intent to distribute "crack" cocaine, in violation of 21 U.S.C. § 841(a)(1) (1994); the jury found him guilty, as charged, on two counts. He appeals both his conviction and his sentence. For the reasons stated below, we affirm.

Steadman first contends that the district court erred when it prevented him from presenting alibi witnesses at trial because he failed to comply with Federal Rule of Criminal Procedure 12.1. We review the district court's application of Fed. R. Crim. P. 12.1 for abuse of discretion. United States v. Hassan El, 5 F.3d 726, 731 (4th Cir. 1993).

Rule 12.1(a) provides that upon written demand of the Government, the defendant shall serve within ten days, or at such different time as the court shall direct, a written notice of the defendant's intent to offer a defense of alibi, including a statement as to the specific place or places at which the defendant claims to have been at the time of the alleged offense, and the names and addresses of the witnesses upon whom the defendant intends to rely to establish his alibi. Fed. R. Crim. P. 12.1(a). Here, the Government submitted its demand for notice of alibi on Steadman, in compliance with the Rule. While Steadman provided the Government with written notice that he intended to offer alibi witnesses, the notice included only the names and towns of the witnesses upon whom he intended to rely to establish his alibi. The written notice provided by Steadman failed to provide specific locations of where he claimed to have been at the time of the offenses, except as to one count, which location he thereafter changed. The parties stipulate that additional information, including phone numbers and, in some cases, addresses of the witnesses, was provided to the Government during oral communications between counsel.

At trial, the Government moved to exclude Steadman's alibi witnesses. The district court heard arguments on the motion, and ultimately granted it on the ground that Steadman had failed to comply

2

with the mandates of Rule 12.1 as to the defendant's notice being in writing and specifying the specific place or places at which the defendant claims to have been at the time of the alleged offense.

We conclude that the court did not abuse its discretion in excluding Steadman's alibi witnesses. The district court heard evidence on the matter, considered the arguments of counsel, and finally found that the facts in this case warranted the exercise of his discretion in excluding the witnesses. This was not an abuse of discretion.

Steadman also claims that the district court erred in attributing to him in sentencing the weight of crack cocaine of which Steadman had been found not guilty, as well as the weight of drugs with which he had not been charged. Specifically, Steadman challenges the district court's sentencing based upon the amount of drugs comprising the third of three controlled crack cocaine purchases, which occurred on April 5, 1996 (Count Three), and an amount of crack cocaine that Steadman was cutting up at the time the third purchase was made.

We review the district court's factual finding regarding the amount of drugs used in sentencing under a clearly erroneous standard. United States v. Daughtrey, 874 F.2d 213, 217 (4th Cir. 1989). For sentencing purposes, the judge need determine the weight of drugs attributable to the defendant by a preponderance of the evidence. United States v. Williams, 880 F.2d 805, 806 (4th Cir. 1990). The evidence at trial included the testimony of a confidential informant who testified that he had made a controlled purchase of .39 grams of crack cocaine from Steadman, and that when he arrived to make the purchase, he witnessed Steadman cutting up a half ounce of crack cocaine on a table. The Government further presented testimony from a detective with the county sheriff's department who monitored the drug purchases, that while the informant was not wearing a transmitter at the time of the third purchase, he was wearing a recording device, and that he was able to identify Steadman's voice on the tape as that of the individual selling the crack cocaine to the informant. While this testimony apparently was insufficient for the jury to convict Steadman beyond a reasonable doubt on the charge relating to the third drug purchase, we find that the district court did not clearly err in finding this evidence sufficient to establish, by a preponderance of the evidence, that both the .39 grams and the .5 ounce of crack

3

cocaine constituted relevant conduct attributable to Steadman pursuant to U.S. Sentencing Commission Manual section 1B1.3 (1996).

Accordingly, we affirm Steadman's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4