**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 97-4764

NATHANIEL GOVAN, a/k/a Golly,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Orangeburg.
Charles E. Simons, Jr., Senior District Judge.
(CR-95-333)

Argued: September 21, 1998

Decided: November 12, 1998

Before WIDENER, HAMILTON, and LUTTIG, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** George R. McElveen, III, Columbia, South Carolina, for
Appellant. Marvin Jennings Caughman, Assistant United States
Attorney, Columbia, South Carolina, for Appellee. **ON BRIEF:** J.
Rene Josey, United States Attorney, Columbia, South Carolina, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

## OPINION

PER CURIAM:

Following a plea of guilty, Nathaniel Govan, appeals his sentence for possession with the intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1). Govan contends that the district court erroneously considered his participation in a 1989 drug conspiracy as relevant conduct in sentencing him for a 1994 cocaine possession charge. The district court enhanced Govan's sentencing range for the cocaine possession charge by attributing an additional 30 kilograms of cocaine to him from his involvement in the 1989 conspiracy. We conclude that the district court did not err in considering Govan's participation in the 1989 conspiracy as relevant conduct in sentencing him for the 1994 cocaine possession charge and accordingly affirm the district court's judgment.

In May 1995, a South Carolina grand jury returned an indictment against associates in a drug trafficking organization (the Moncrieft/ Nelson organization). The five-count indictment named seven defendants including, Govan, Elmore Moncrieft, Albert Shaw Nelson, Keith Darryl Kirkland, Henry Collins Odom, Carl Elvin Moncrieft, and James Bell. The indictment specifically implicated Govan in two separate counts. Count one charged all defendants with conspiracy to distribute and possession with the intent to distribute marijuana and cocaine-related substances in violation of 21 U.S.C.§§ 841(a)(1), 846. Govan's participation in the count one conspiracy involved the purchase in 1989 of a total of 30 kilograms of cocaine for Moncrieft from Slim Williams, an unindicted co-conspirator who was a drug courier for Nelson, on three different occasions. In count four, the grand jury indicted Govan for knowingly possessing cocaine with the intent to distribute. That count reflected that Govan purchased approximately 500 grams of cocaine powder in early 1994 from William Odom "Red" Lane, a cousin of Elmore Moncrieft and a supplier to the Moncrieft/Nelson organization.

2

Immediately following jury selection for his trial, Govan pleaded guilty to count four pursuant to a plea agreement. The plea agreement stipulated that the weight of the drugs readily provable in count four was from 400-500 grams. The agreement required Govan to cooperate in the investigation of the Moncrieft/Nelson organization and provided that the agreement did not limit the district court's consideration of any relevant conduct. The plea agreement also allowed the government to move for a downward departure pursuant to the United States Sentencing Guidelines (U.S.S.G. or Guidelines) § 5K1.1 if Govan provided substantial assistance.

At sentencing, Govan argued to exclude consideration of the 30 kilograms that he received on behalf of the Moncrieft/Nelson organization in 1989 because it was unrelated to the drug possession charge and exceeded the 400-500 grams stipulated in the plea agreement. The district court rejected Govan's argument, stating that his conduct in count one was relevant to sentencing him for count four because both occurrences were part of the same ongoing conspiracy. The court found him responsible for enough cocaine to reach offense level 34 under U.S.S.G. §§ 2D1.1 and 1B1.3. After deducting three levels for acceptance of responsibility, the district court sentenced Govan to 108 months, the bottom of the guideline range. On appeal Govan challenges the district court's consideration of the 1989 transactions as relevant conduct in sentencing him for count four.*

A sentencing court can consider for sentencing purposes a defendant's possession and distribution of drugs not specified in the count of conviction if it is part of the same course of conduct, common scheme, or plan as the offense of conviction. U.S.S.G. § 1B1.3(a)(2); see United States v. Williams, 977 F.2d 866, 870 (4th Cir. 1992). In evaluating relevant conduct issues under U.S.S.G.§ 1B1.3(a)(2), the commentary to the Guidelines provides a list of criteria for the district court's consideration. "For two or more offenses to constitute part of a common scheme or plan, they must be substantially connected to each other by at least one common factor, such as common victims,

_____

*In his briefs, Govan also argued for reversal of the district court's decision based upon the court's failure to enforce the plea agreement. At oral argument, however, defendant abandoned this argument and relied only on the relevant conduct argument for reversal.

3

common accomplices, common purpose, or similar <u>modus operandi</u>." U.S.S.G. § 1B1.3 app. note 9(A); see <u>United States v. Mullins</u>, 971 F.2d 1138, 1144 (4th Cir. 1992) (quoting <u>United States v. Santiago</u>, 906 F.2d 867, 872 (2d Cir. 1992)) (stating that the sentencing court should "consider such factors as the nature of the defendant's acts, his role, and the number and frequency of repetitions of those acts, in determining whether they indicate a behavior pattern"). We review the district court's factual determinations regarding relevant conduct under a clearly erroneous standard. See <u>Mullins</u> , 971 F.2d at 1143; <u>United States v. Williams</u>, 880 F.2d 804, 806 (4th Cir. 1989).

Govan argues that his participation in the 1989 conspiracy is unrelated to his 1994 drug possession charge because he withdrew from the Moncrieft/Nelson conspiracy in 1989. In order for a former conspirator to withdraw effectively from a conspiracy, he bears the burden of producing evidence to demonstrate that he "acted to defeat or disavow the purposes of the conspiracy." See <u>United States v. Urbanik</u>, 801 F.2d 692, 697 (4th Cir. 1986). Here, Govan argues that he withdrew from the conspiracy because when he received the drugs in 1989 from Williams he told Williams that he was only taking possession of the drugs to help Merlin Young, a friend, who was in jail. Because Young's prison sentence would soon expire, Govan argues that his self-limiting statement to Williams was tantamount to withdrawal.

The district court did not clearly err in deciding that Govan's evidence of a self-limiting statement did not demonstrate that he affirmatively withdrew from the conspiracy. Aside from Govan's statement to Williams, the evidence indicated that Govan's participation in the conspiracy continued. Govan admitted that he actively participated in the drug conspiracy in 1989 when he received the 30 kilograms of cocaine from Williams for the Moncrieft/Nelson organization. Further, the presentence report contained evidence indicating that the conspiracy continued unabated with the help of Govan and several other co-conspirators while the organization's principal leaders were in prison. Govan had the burden to demonstrate affirmatively withdrawal, and the district court's decision that his evidence of a self-limiting statement failed to satisfy that burden is not clearly erroneous.

4

Govan also argues that his 1994 cocaine possession charge was an isolated incident and not part of a larger common scheme. He primarily relies on the interval between the 1989 transactions and the 1994 possession charge, and his inactivity in the Moncrieft/Nelson organization during that time period. The district court's findings, however, refute Govan's argument that he withdrew from the conspiracy. Count one of the indictment alleged that Govan and his co-conspirators continued their operation from 1988 up until the date of the grand jury indictment in 1995. As the district court found, although that count was dismissed as to Govan, and although Govan may not have been the most active participant in the conspiracy during the five-year interval, he never affirmatively disavowed the conspiracy. See Urbanik, 801 F.2d at 697.

The government also established the common factors necessary for a finding of a common scheme under the Guidelines during his sentencing hearing. At the hearing, the government's attorney stated: "William Odom `Red' Lane, who is a cousin of Elmore Moncrieft and who was actually one of the suppliers of the Moncrieft organization, and also a purchaser from Mr. Moncrieft, gained a relationship with Mr. Govan through Mr. Moncrieft and was called in early 1994 by Mr. Govan, Mr. Govan also being a friend of Mr. Moncrieft." The court asked Govan if the government's statement was substantially true and correct, and Govan responded, "Right." Although the details of the 1989 transactions and the 1994 transaction differ, the occurrences involved Govan purchasing cocaine from suppliers of the Moncrieft/Nelson organization, both of whom were acquainted with Govan through Moncrieft. The evidence with respect to Govan consisted of his taking delivery of large quantities of cocaine from Moncrieft's sources during the conspiracy as charged; Govan obtained cocaine from conspirators and possessed it during the conspiracy. This evidence demonstrated that the 1989 and 1994 transactions involved common accomplices of the Moncrieft/Nelson organization and the common purpose of purchasing cocaine from co-conspirators, thus establishing a common scheme or plan. See U.S.S.G. § 1B1.3 app. note 9(A).

The district court thus did not commit clear error in considering Govan's participation in the 1989 conspiracy as relevant conduct in sentencing Govan under the plea agreement to count four. Although

5

Govan pleaded guilty to count four involving the stipulated amount of 400-500 grams, the district court could, as it did, consider the 30 kilograms from the 1989 transactions in determining the sentencing range because Govan failed to withdraw affirmatively from an ongoing conspiracy and the 1989 and 1994 transactions involved a common purpose and accomplices.

The judgment of the district court is accordingly

AFFIRMED.

6