**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-4166

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ERIC ATKINS,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Richard L. Williams, Senior District Judge.  (CR-00-279)

Submitted: August 20, 2004      Decided: October 21, 2004

Before NIEMEYER, MOTZ, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

I. Scott Pickus, Richmond, Virginia, for Appellant.  Paul J. McNulty, United States Attorney, Michael J. Elston, Peter S. Duffey, Assistant United States Attorneys, Robert M. Worster, III, Third-Year Law Student Intern, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Eric Atkins appeals his conviction for possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841 (2000); possession of cocaine base, in violation of 21 U.S.C. § 844 (2000); possession of marijuana, in violation of 21 U.S.C. § 841 (2000); and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (2000).

In August 2000, Atkins was charged in a six-count indictment for various drug trafficking crimes. Prior to trial, Atkins filed a motion to suppress evidence, alleging that the narcotics and firearms were obtained in violation of his Fourth Amendment rights. On October 27, 2000, the district court granted Atkins' motion and suppressed the drugs and firearms found in his possession. The Government appealed. In an unpublished opinion, this Court reversed the district court's ruling on the suppression motion and remanded for further proceedings. United States v. Atkins, 2001 WL 863557, 16 Fed. Appx. 145 (4th Cir. 2001). On remand, the district court admitted the evidence, and Atkins was found guilty of three drug charges and one firearms charge.

On appeal, Atkins argues that the district court improperly admitted the previously suppressed evidence because this Court's ruling was "not based upon a clear evidentiary description of how much of the gun was visible." Atkins specifically contends that the trial further developed the record and established that

- 2 -

the gun was in plain view, not concealed, and thus its presence in the car was not a violation of Virginia's concealed weapons law. See Va. Code Ann. § 18.2-308(A) (Michie Supp. 2004). Generally, "'the doctrine [of the law of the case] posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.'" United States v. Aramony, 166 F.3d 655, 661 (4th Cir. 1999) (quoting Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 815-16 (1988)). The law of the case must be applied:

> in all subsequent proceedings in the same case in the trial court or on a later appeal . . . unless: (1) a subsequent trial produces substantially different evidence, (2) controlling authority has since made a contrary decision of law applicable to the issue, or (3) the prior decision was clearly erroneous and would work manifest injustice.

Id. (quoting Sejman v. Warner-Lambert Co., 845 F.2d 66, 69 (4th Cir. 1988)). Atkins asserted the same argument before this Court in his previous appeal. Atkins has not presented substantially different evidence than that considered by this Court in his prior appeal. Aramony, 166 F.3d at 661. Consequently, in keeping with the doctrine of the law of the case, we conclude that the district court properly admitted the evidence. Id.

Atkins also contends that the evidence is insufficient to support his conviction for possession of a firearm in furtherance of a drug trafficking crime, in violation of § 924(c). "The verdict of a jury must be sustained if there is substantial

evidence, taking the view most favorable to the Government, to support it." Glasser v. United States, 315 U.S. 60, 80 (1942). After careful review of the record, we conclude that there is sufficient evidence to sustain Atkins' conviction for violating § 924(c). 18 U.S.C. § 924(c)(2000); Glasser, 315 U.S. at 80; United States v. Sloley, 19 F.3d 149, 152 (4th Cir. 1994) (holding that the government must prove the defendant possessed a firearm, during and in relation to a drug trafficking crime); United States v. Lomax, 293 F.3d 701, 705 (4th Cir. 2002) (listing factors which may establish the nexus between the firearm and the drug trafficking offense); United States v. Blue, 957 F.2d 106, 107 (4th Cir. 1992) (holding that constructive possession may be proven by showing dominion or control over the contraband or vehicle in which the contraband is concealed).

Finally, Atkins asserts that the district court erred by converting cash to the drug equivalent because the Government did not prove the cash equivalency by a preponderance of the evidence. A district court's specific factual findings regarding the proper amount of drugs will be upheld unless the record demonstrates that it is clearly erroneous, United States v. Daughtrey, 874 F.2d 213, 217 (4th Cir. 1989), but the burden of proof by a preponderance of the evidence rests with the government. United States v. Williams, 880 F.2d 804, 806 (4th Cir. 1989). After careful review we find no

error in the district court's calculations.* <u>Daughtrey</u>, 874 F.2d at 217.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

---

*Atkins does not assert an argument pursuant to <u>Blakely v. Washington</u>, 124 S. Ct. 2531 (2004), on appeal, and any such claim would be meritless in light of this court's recent decision in <u>United States v. Hammoud</u>, No. 03-4253, 2004 WL 1730309 (4th Cir. Aug. 2, 2004) (order), <u>petition for cert. filed</u>, ___ U.S.L.W. ___ (U.S. Aug. 6, 2004) (No. 04-193).