**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 05-4909**

———————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DERRICK MOSBY,

Defendant - Appellant.

———————————

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  James A. Beaty, Jr., District Judge.  (CR-05-124)

———————————

Submitted:  November 30, 2006        Decided:  January 18, 2007

———————————

Before WILKINSON, NIEMEYER, and GREGORY, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Richard L. Cannon, III, CANNON & TAYLOR, LLP, Greenville, North Carolina, for Appellant.  Anna Mills Wagoner, United States Attorney, Lisa B. Boggs, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Derrick Mosby pled guilty pursuant to a plea agreement to possession with intent to distribute 51.1 grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A) (2000). The district court sentenced Mosby to 186 months' imprisonment, below the 210 to 262 month sentencing guidelines range. Finding no error, we affirm.

Mosby's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), contending there exist no meritorious issues for appeal but seeking review of a two-level enhancement to Mosby's offense level for possession of a dangerous weapon, pursuant to U.S. Sentencing Guidelines Manual ("USSG") § 2D1.1(b)(1) (2004). Because Mosby did not object to this sentencing enhancement in the district court, we review for plain error. See Fed. R. Crim. P. 52(b); see also United States v. Olano, 507 U.S. 725, 733-37 (1993).

We conclude there was no plain error. The § 2D1.1(b)(1) enhancement was based on Mosby's possession of a shotgun during a drug transaction with a confidential informant and uncover officer. Although this incident formed the basis to a charge against Mosby that was dismissed pursuant to his plea agreement, it was properly considered by the district court pursuant to the court's mandate to consider the broad context of a defendant's relevant conduct. See United States v. Watts, 519 U.S. 148, 152 (1997); see also United

States v. Williams, 880 F.2d 804, 805 (4th Cir. 1989) (holding conduct charged in dismissed counts may be considered in the sentence calculation if it qualifies as relevant conduct under USSG § 1B1.3).

Mosby filed a pro se supplemental brief, raising several issues. First, Mosby claims his guilty plea was invalid for the district court's alleged failure to advise him of his right against self-incrimination and because his counsel purportedly entered his guilty plea for him. Because Mosby did not move in the district court to withdraw his guilty plea, his challenge to the adequacy of the Rule 11 hearing is reviewed for plain error. See United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). Based on a thorough review of the materials before the court, including the guilty plea transcript, we find no plain error in the district court's guilty plea hearing.

Next, Mosby contends the district court improperly applied criminal history points to his state court misdemeanor convictions for disorderly conduct and possession of a controlled dangerous substance, because he received probation before judgment in both instances. This contention is meritless. The presentence report indicates Mosby was found guilty of both offenses. Therefore, both judicial proceedings are counted as sentences under USSG § 4A1.1(c), even if the convictions were not formally entered. See USSG § 4A1.2(f).

Mosby also asserts the district court failed to conduct a sufficient review of the 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2006) factors prior to imposing sentence. After United States v. Booker, 543 U.S. 220 (2005), this court reviews a sentence "for unreasonableness." Booker, 543 U.S. at 261; United States v. Hughes, 401 F.3d 540, 546-47 (4th Cir. 2005). District courts must calculate the appropriate guideline range, consider the range in conjunction with other relevant factors under the guidelines and § 3553(a), and impose a sentence. United States v. Green, 436 F.3d 449, 455-56 (4th Cir.), cert. denied, 126 S. Ct. 2309 (2006). However, a district court need not "robotically tick through § 3553(a)'s every subsection." United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006). We find no error in the district court's sentencing hearing.

Finally, Mosby alleges he received ineffective assistance of counsel from both his trial and appellate attorneys. Generally, claims of ineffective assistance of counsel must be brought in a collateral proceeding under 28 U.S.C. § 2255 (2000), unless it conclusively appears from the face of the record that counsel was ineffective. United States v. Baldovinos, 434 F.3d 233, 239 (4th Cir.), cert. denied, 126 S. Ct. 1407 (2006). Because the alleged instances of ineffective assistance do not conclusively appear on the face of the record, we conclude these claims are not cognizable on direct appeal.

- 4 -

In accordance with <u>Anders</u>, we have reviewed the entire record for any meritorious issues and have found none. Accordingly, we affirm Mosby's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>