**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 97-4697

DANIEL RAY MCKINNEY,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Florence.
Cameron McGowan Currie, District Judge.
(CR-97-80)

Submitted: July 7, 1998

Decided: July 28, 1998

Before MURNAGHAN, WILKINS, and NIEMEYER,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Deborah R. J. Shupe, LOUTHIAN & LOUTHIAN, Columbia, South
Carolina, for Appellant. William Earl Day, II, Assistant United States
Attorney, Florence, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Daniel Ray McKinney appeals from the district court's judgment sentencing him to an eighty-seven month term of imprisonment for armed robbery of a bank in violation of 18 U.S.C.A.§ 2113 (West 1994 & Supp. 1998). McKinney's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), certifying that the appeal does not present any meritorious issues. McKinney was informed of his right to file a pro se supplemental brief and has not done so. Because we find no reversible error, we affirm.

The sole issue is whether the court erred by enhancing the sentence five levels for using a firearm during a robbery. See U.S. Sentencing Guidelines Manual § 2B3.1(b)(2) (1995). McKinney contends that the enhancement was in error because the plea agreement required the Government to dismiss one count of using a firearm in relation to a crime of violence in violation of 18 U.S.C.A. § 924(c)(1) (West Supp. 1998). McKinney contends that this barred the Government from seeking the five-level enhancement. The plea agreement specifically permitted the court to consider information regarding the dismissed counts in considering relevant conduct for sentencing purposes. This court has held that conduct embodied by dismissed counts can be considered by the sentencing court. See United States v. Williams, 880 F.2d 804 (4th Cir. 1989). Thus, the court did not err.

Pursuant to the requirements of Anders, this court has reviewed the record for potential error and has found none. Therefore, we affirm McKinney's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED