**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　*Plaintiff-Appellee,*

　　　　v.

BILLY T. JOHNSON,
　　　　　*Defendant-Appellant.*

No. 03-4281

UNITED STATES OF AMERICA,
　　　　　*Plaintiff-Appellee,*

　　　　v.

DAVIDE HUDSON,
　　　　　*Defendant-Appellant.*

No. 03-4358

Appeals from the United States District Court
for the Southern District of West Virginia, at Beckley.
Robert C. Chambers, District Judge.
(CR-02-140)

Submitted: April 23, 2004

Decided: May 18, 2004

Before MOTZ, TRAXLER, and KING, Circuit Judges.

Affirmed in part, dismissed in part by unpublished per curiam opinion.

**COUNSEL**

Matthew B. Tully, LAW OFFICE OF MATTHEW B. TULLY, Hunter, New York; Patricia A. Kurelac, KURELAC LAW OFFICES, Moundsville, West Virginia, for Appellants. Charles T. Miller, Acting United States Attorney, Stephanie L. Haines, Assistant United States Attorney, Huntington, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Billy T. Johnson pled guilty to one count of aiding and abetting in the distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1) (2000) and 18 U.S.C. § 2 (2000). His co-defendant, Davide Hudson, entered a guilty plea to one count of distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1) (2000). They timely appeal.

Counsel for both Johnson and Hudson have filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), raising several potential issues, but concluding that there are no meritorious issues on appeal. Hudson filed a pro se supplemental brief challenging the district court's calculation of relevant conduct. Johnson declined to file a pro se supplemental brief. Finding no reversible error, we affirm.

In the *Anders* brief, Johnson contends that the district court erred by refusing to grant him a two-point reduction for being a minor participant in the conspiracy, pursuant to *United States Sentencing Guidelines Manual* § 3B1.2 (2002), because he was nothing more than Hudson's low-level employee.

The standard of review for factual determinations, such as whether the appellant's conduct warrants a minor-role sentencing reduction, is

clear error. *United States v. Daughtrey*, 874 F.2d 213, 218 (4th Cir. 1989). Because Johnson admittedly sold drugs as a member of the conspiracy, we conclude that the district court properly determined that Johnson was not a minor participant in the conspiracy. *United States v. Brooks*, 957 F.2d 1138, 1149 (4th Cir. 1992). Accordingly, we affirm the district court's denial of the role reduction. *Daughtrey*, 874 F.2d at 218.

Johnson also contends that the district court erred by denying his request for a downward departure pursuant to USSG § 4A1.3, on the grounds that his criminal history category substantially over-represented the seriousness of his prior record. However, because there is no doubt that the court understood its authority to depart and simply declined to do so, the district court's refusal to depart below the guideline range is not reviewable on appeal. *United States v. Carr*, 271 F.3d 172, 176-77 (4th Cir. 2001). Accordingly, we dismiss this portion of the appeal.

Hudson contends that because he pleaded guilty to .72 grams of cocaine base, the amount of drugs attributable to him at sentencing is limited to less than five grams of cocaine base under 21 U.S.C. § 841(b)(1)(c) (2000). This argument is essentially an attempt to challenge the sentence under *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000) (holding that except for fact of prior conviction, any fact increasing penalty beyond statutory maximum must be submitted to jury and proven beyond reasonable doubt). However, *Apprendi* is inapplicable to this case, as Hudson pleaded guilty, and his twenty-year sentence did not exceed the statutory maximum under § 841(b)(1)(C).

In his pro se supplemental brief, Hudson contends that the district court erred in calculating relevant conduct, stating that the drug transactions attributed to him were not connected to the crime of conviction, and arguing that the testimony at sentencing was unreliable. The district court's drug quantity determination is reviewed for clear error. *United States v. Fletcher*, 74 F.3d 49, 55 (4th Cir. 1996). In determining relevant conduct, the district court may consider any relevant and reliable evidence before it, including acquitted or uncharged crimes and hearsay. *United States v. Bowman*, 926 F.2d 380, 381-82 (4th Cir. 1991); *United States v. Mullins*, 971 F.2d 1138, 1144-46 (4th Cir.

1992); *United States v. Williams*, 880 F.2d 804, 805 (4th Cir. 1989). The Government has the burden of establishing the amount of drugs used for sentencing calculations by a preponderance of the evidence. *United States v. Cook*, 76 F.3d 596, 604 (4th Cir. 1996). After careful review of the record, we defer to the district court's findings that the testimony at sentencing was reliable, and we agree that the Government proved the disputed relevant conduct by a preponderance of the evidence. Accordingly, we find no reversible error. *Fletcher*, 74 F.3d at 55.

Finally, we decline to consider Hudson's claim that his counsel's actions in regards to the calculation of relevant conduct amounted to ineffective assistance because counsel's ineffectiveness is not conclusively shown on the face of the record. *United States v. Richardson*, 195 F.3d 192, 198 (4th Cir. 1999) (noting that ineffective assistance of counsel claims generally should be raised by motion under 28 U.S.C. § 2255). As stated above, the district court correctly determined the relevant conduct attributable to Hudson. Moreover, the inclusion of relevant conduct at sentencing does not violate § 841 or the rule in *Apprendi*. Thus, Hudson has not shown he was prejudiced by counsel's actions in these matters. *Strickland v. Washington*, 466 U.S. 688, 694 (1984).

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Johnson's and Hudson's convictions and sentences. This court requires that counsel inform their clients, in writing, of their right to petition the Supreme Court of the United States for further review. If a client requests that a petition be filed, but counsel believes that such petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED IN PART;*
*DISMISSED IN PART*