**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 03-4358**

───────────

UNITED STATES OF AMERICA,

                              Plaintiff - Appellee,

        versus

DAVIDE HUDSON,

                              Defendant - Appellant.

───────────

On Remand from the Supreme Court of the United States.
(S. Ct. No. 04-8189)

───────────

Submitted:  May 15, 2006          Decided:  July 14, 2006

───────────

Before MOTZ, TRAXLER, and KING, Circuit Judges.

───────────

Affirmed in part; vacated and remanded in part by unpublished per curiam opinion.

───────────

Patricia A. Kurelac, KURELAC LAW OFFICES, Moundsville, West Virginia, for Appellant.  Charles T. Miller, Acting United States Attorney, Stephanie L. Haines, Assistant United States Attorney, Huntington, West Virginia, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

On May 18, 2004, we affirmed Davide Hudson's convictions and sentence. See United States v. Hudson, No. 03-4358, 2004 WL 1093949 (4th Cir. May 18, 2004) (unpublished). On February 28, 2005, the Supreme Court of the United States granted Hudson's petition for writ of certiorari, vacated this court's judgment, and remanded for further consideration in light of United States v. Booker, 543 U.S. 220 (2005). We affirm Hudson's conviction for the reasons stated in our prior opinion. We vacate his sentence and remand for resentencing.

In Booker, the Supreme Court held that Blakely v. Washington, 542 U.S. 296 (2004), applied to the federal sentencing guidelines and the mandatory manner in which the guidelines required courts to impose sentencing enhancements based on facts found by the court by a preponderance of the evidence violated the Sixth Amendment. Thus, when a defendant pleads guilty and is sentenced under the mandatory guidelines scheme, "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." Booker, 543 U.S. at 244.

Although Hudson objected to the district court's enhancements, his objections did not rest on the rule in Blakely.

- 2 -

Therefore, this court's review is for plain error. See United States v. Hughes, 401 F.3d 540, 547 (4th Cir. 2005). In Hughes, this court held that a sentence imposed under the pre-Booker mandatory sentencing scheme and enhanced based on facts found by the court, not by a jury, constitutes plain error. That error affects the defendant's substantial rights and warrants reversal under Booker when the record does not disclose what discretionary sentence the district court would have imposed under an advisory guidelines scheme. Hughes, 401 F.3d at 555-56.

Hudson's twenty year sentence exceeded the sentencing range that would have applied absent the enhancements that were based on facts not found by the jury or admitted by Hudson. Because the district court engaged in judicial fact-finding to determine Hudson's offense level, and because the resulting guideline range was imposed in a mandatory manner, there was a Sixth Amendment violation under Booker.[*]

Although the sentencing guidelines are no longer mandatory, Booker makes clear a sentencing court must still "consult [the] Guidelines and take them into account when sentencing." 543 U.S. at 224. On remand, the district court should first determine the appropriate sentencing range under the

---

[*]Just as we noted in Hughes, 401 F.3d at 545 n.4, "[w]e of course offer no criticism of the district judge, who followed the law and procedure in effect at the time" of Hudson's sentencing.

guidelines, making all factual findings appropriate for that determination. Hughes, 401 F.3d at 546. The court should consider this sentencing range along with the other factors described in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2005), and then impose a sentence. Id. If that sentence falls outside the guidelines range, the court should explain its reasons for the departure as required by 18 U.S.C.A. § 3553(c)(2). Id. The sentence must be within the statutorily prescribed range and reasonable. Id. at 547; see also United States v. Green, 436 F.3d 449, 456 (4th Cir. 2006).

Accordingly, although we affirm Hudson's conviction, we vacate his sentence and remand for further consideration in light of Booker. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART;
VACATED AND REMANDED IN PART