**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 08-4479**

———————————

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

DAVIDE HUDSON,

                    Defendant - Appellant.

———————————

Appeal from the United States District Court for the Southern
District of West Virginia, at Beckley.   Robert C. Chambers,
District Judge.  (5:02-cr-00140-1)

———————————

Submitted:  October 8, 2008          Decided:  October 28, 2008

———————————

Before MOTZ, TRAXLER, and KING, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Mary Lou Newberger, Federal Public Defender, Jonathan D. Byrne,
Appellate Counsel, Edward H. Weis, Assistant Federal Public
Defender, Charleston, West Virginia, for Appellant.  Charles T.
Miller, United States Attorney, Erik S. Goes, Assistant United
States Attorney, Charleston, West Virginia, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Davide Hudson appeals his sentence imposed after resentencing. After this court affirmed Hudson's conviction and twenty-year sentence, the Supreme Court granted Hudson's petition for writ of certiorari and remanded to this court for further consideration in light of United States v. Booker, 543 U.S. 220 (2005). Hudson v. United States, 543 U.S. 1182 (2005). We vacated his sentence and remanded for resentencing. United States v. Hudson, No. 03-4358, 2006 WL 2018634 (4th Cir. July 14, 2006) (unpublished). Hudson noted an appeal from the sentence. Before this court could consider the appeal, we granted Hudson's motion to vacate the sentence and remand for resentencing in light of Kimbrough v. United States, 128 S. Ct. 558 (2007). United States v. Hudson, No. 07-4570 (4th Cir. Feb. 5, 2008) (unpublished order). During the course of the proceedings in the district court, Hudson's offense level was reduced for his post-conviction rehabilitative efforts and as a result of the amendment to the Sentencing Guidelines that reduced offense levels for certain quantities of crack cocaine. As a result of the two resentencings, Hudson's sentence was reduced from twenty years to ten years and one month. However, despite revisiting the issue of drug quantity during the first resentencing, the district court never altered its original finding that Hudson's relevant conduct with respect to drug quantity qualified him for an offense level of thirty-six. On

2

appeal, Hudson challenges the district court's factual finding at sentencing regarding drug quantity, as he did during his original appeal. He also claims the sentence was not reasonable because it was longer than necessary to comply with the factors under 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2008). Finding no error, we affirm.

With respect to the district court's decision at resentencing regarding drug quantity, the record remains substantially unchanged since we first reviewed the district court's findings during the initial appeal. At resentencing, the court relied upon its earlier findings in reaffirming its decision. We see no reason to disturb our original finding that the drug quantity was proven by a preponderance of the evidence.

We will affirm a sentence imposed by the district court if it is within the statutorily prescribed range and reasonable. United States v. Hughes, 401 F.3d 540 (4th Cir. 2005). This court reviews Hudson's sentence under a deferential abuse-of-discretion standard. See Gall v. United States, 128 S. Ct. 586, 590 (2007). We find no procedural error with the sentence. See United States v. Osborne, 514 F.3d 377, 387 (4th Cir.), cert. denied, 128 S. Ct. 2525 (2008). We also find the sentence substantively reasonable. Gall, 128 S. Ct. at 597.

Accordingly, we affirm the sentence. We dispense with oral argument because the facts and legal contentions are

adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED